IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEACYANNE REIGHN,
       Petitioner,

vs.                          Case No. 3:08cv505/RV/EMT

WALTER A. McNEIL,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

     Now pending is Respondent's motion to dismiss (Doc. 22) the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner filed a response in opposition to the motion to dismiss (Doc. 26).

     This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND

     The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 22, Exhibits). On May 3, 1995, Petitioner was indicted in the Circuit Court in and for Escambia County, Florida, on one count of first degree murder with a firearm (Doc. 22, Ex. C at 2–3). On August 7, 1996, pursuant to a plea agreement, Petitioner entered a plea of no contest to the lesser offense of second degree murder (*id.* at 239– 47, 249–50). On April 20, 1998, Petitioner was sentenced, pursuant to the plea agreement, to 22.66 years in prison, with pre-sentence jail credit of three years and twenty-two days (*id.* at 830–34). Petitioner appealed her conviction and sentence to the Florida First District Court of Appeal ("First DCA"). On May 20, 1999, the First DCA affirmed the judgment of conviction and sentence per curiam without written opinion, with the mandate issuing June 7, 1999 (Doc. 22, Exs. G, H). Reighn v. State, 732 So. 2d 1075 (Fla. 1st

DCA 1999) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On May 19, 2000, Petitioner filed a federal habeas petition under § 2254 in the United States District Court for the Middle District of Florida (*see* Doc. 26 at 1–2).  *See* Reighn v. State of Florida, No. 3:00-cv-606-J-25B, Petition (M.D. Fla. May 19, 2000).  The case was transferred to the Northern District and assigned Case No. 3:00cv247/LAC.  On August 30, 2000, the petition was dismissed without prejudice as premature.  *See* Reighn v. Moore, No. 3:00cv247/LAC, Order (N.D. Fla. Aug. 30, 2000).

On May 22, 2000, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 22, Ex. J at 1–100).  The trial court dismissed the motion on June 19, 2000, for failing to meet the pleading requirements of Rule 3.850, including the requirement that the motion be properly sworn (*id.* at 101–03).  On August 9, 2000, Petitioner filed an amended Rule 3.850 motion (*id.* at 104–23), which the trial court summarily denied on September 15, 2000 (*id.* at 125–242).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on June 6, 2001, with the mandate issuing July 3, 2001 (Doc. 22, Exs. K, L).  Reighn v. State, 789 So. 2d 992 (Fla. 1st DCA 2001) (Table).  On December 31, 2001, Petitioner sought review of the First DCA's decision in the Florida Supreme Court (Doc. 22, Ex. M).  On January 9, 2002, the Florida Supreme Court dismissed her petition for review for lack of jurisdiction (Doc. 22, Ex. O).  Reighn v. State, 805 So. 2d 809 (Fla. 2002) (Table).

On February 5, 2002, Petitioner filed a motion for post-conviction relief under Rule 3.853 of the Florida Rules of Criminal Procedure, which the trial court recharacterized as a second Rule 3.850 motion (Doc. 22, Ex. Q at 1–13).  On March 6, 2002, the trial court denied the motion as untimely and successive (*id.* at 14–47).  Petitioner appealed the decision to the First DCA.  In a written opinion issued November 14, 2002, the First DCA held that the trial court erred in recharacterizing Petitioner's motion as a Rule 3.850 motion, but the appellate court affirmed the trial's court's summary denial of the post-conviction motion on the ground that the Rule 3.853 motion was barred by Florida statutes and, therefore, without merit (Doc. 22, Ex. T).  Reighn v. State, 834 So. 2d 252, 253 (Fla. 1st DCA 2002).  Petitioner moved for rehearing, and the First DCA denied the motion on January10, 2003 (Doc. 22, Exs. U, V).  The First DCA issued its mandate on January 28, 2003 (Doc. 22, Ex. W).  Petitioner sought review in the Florida Supreme Court, but on March 6, 2003, the court dismissed her petition for review as untimely (Doc. 22, Ex. Y).  Reighn v. State, 871 So. 2d 874 (Fla. 2003).  Petitioner sought reinstatement of her case, but the Florida Supreme Court denied her request on September 30, 2003 (Doc. 22, Ex. AA).

On November 10, 2003, Petitioner filed a petition for writ of habeas corpus with the First DCA (Doc. 22, Ex. CC).  On December 1, 2003, the First DCA treated the petition as a petition for belated appeal of its decision denying her Rule 3.853 motion and transferred the petition to the Florida Supreme Court  (Doc. 22, Ex. DD).  On November 10, 2004, the Florida Supreme Court denied the petition for belated appeal on the merits (Doc. 22, Ex. FF).  Reighn v. State, 888 So. 2d 623 (Fla. 2004).

On September 20, 2004, while her petition for belated appeal was pending in the Florida Supreme Court, Petitioner filed a motion to correct illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 22, Ex. HH at 1–12).  On February 3, 2005, the trial court denied the motion as an improperly filed, untimely, and successive Rule 3.850 motion (id. at 18–35). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on September 7, 2005, with the mandate issuing October 5, 2005 (Doc. 22, Exs. JJ, KK).  Reighn  v. State, 911 So. 2d 105 (Fla. 1st DCA 2005) (Table).

On June 29, 2005, while her first Rule 3.800 motion was pending, Petitioner filed a second Rule 3.800(a) motion (Doc. 22, Ex. MM at 1–11).  The trial court summarily denied the motion, and Petitioner appealed to the First DCA.  The appellate court affirmed per curiam without written opinion on April 5, 2006, with the mandate issuing April 21, 2006 (Doc. 22, Exs. PP, QQ).  Reighn v. State, 926 So. 2d 1277 (Fla. 1st DCA 2006) (Table).  Petitioner sought review in the Florida Supreme Court, but the court dismissed the petition for review for lack of jurisdiction on June 7, 2006 (Doc. 22, Ex. SS).  Reighn v. State, 933 So. 2d 521 (Fla. 2006) (Table).

On November 8, 2006, Petitioner filed a second Rule 3.853 motion for post-conviction DNA testing (Doc. 22, Ex. UU at 1–15).  The trial court summarily denied the motion, and Petitioner appealed to the First DCA (id. at 24–66).  On October 5, 2007, the First DCA affirmed per curiam without written opinion, with the mandate issuing November 2, 2007 (Doc. 22, Exs. VV, WW). Reighn  v. State, 966 So. 2d 390 (Fla. 1st DCA 2007) (Table).

Petitioner filed a petition under Section 2254 with this court on November 2, 2008 (Doc. 1).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner's judgment of conviction and sentence became final for purposes of the AEDPA on August 18, 1999, ninety (90) days after May 20, 1999, the date the appellate court issued its decision affirming her conviction. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)). Therefore, the one-year federal limitations period began to run on August 18, 1999, pursuant to § 2244(d)(1)(A), and expired one year later on August 18, 2000.

Petitioner may be entitled to review of her petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner filed a tolling post-conviction motion on May 22, 2000, after 277 days of the one-year limitations period had expired.[1] That motion remained pending until July 3, 2001, the date of the First DCA's mandate affirming the trial court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-

---

[1]Petitioner's first §  2254 petition filed on May 19, 2000, did not qualify as a tolling motion for purposes of § 2244(d)(2) because the statutory tolling provision explicitly states that the limitations period is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner's § 2254 petition was an application for federal, not state, post-conviction relief.

conviction application, application remains pending until issuance of the mandate by the appellate court).[2]

Petitioner's next post-conviction motion was her first motion for DNA testing filed on February 5, 2002. However, the Eleventh Circuit held that a motion filed under Rule 3.853 of the Florida Rules of Criminal Procedure is not an "application for post-conviction or other collateral review with respect to the pertinent judgment," for purposes of § 2244(d)(2). Brown v. Sec'y Dep't of Corr., 530 F.3d 1335, 1337–38 (11th Cir. 2008). Therefore, the federal limitations period was not tolled during the pendency of the first Rule 3.853 proceeding, including Petitioner's habeas petition seeking belated appeal of the First DCA's decision denying her Rule 3.853 motion.

Petitioner filed her next post-conviction application on September 20, 2004, after 1,174 more days (more than three years) of the federal limitations expired. However, because the 365-day federal limitations had already expired by the time she filed the motion (277 days + 1,174 days = 1,451 days), that motion, as well as Petitioner's subsequent post-conviction applications, did not toll the federal limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Accordingly, Petitioner's federal petition, filed on November 2, 2008, was untimely, unless Petitioner shows that another statutory trigger for the limitation period applies.

In Petitioner's response to the motion to dismiss, she appears to argue that the one-year federal limitations period did not begin to run until November 2, 2007, when the First DCA issued its mandate in the post-conviction proceedings on her second Rule 3.853 motion for DNA testing (*see* Doc. 26). She appears to contend that her right to file a Rule 3.853 motion was not recognized until June 23, 2006, when the Florida legislature amended Florida Statutes § 925.11 to extend the right to file a motion for post-conviction DNA testing to individuals who entered pleas of guilty or nolo contendere. *See* Lindsey v. State, 936 So. 2d 1213, 1214 (Fla. 5th DCA 2006). To the extent

---

[2]Petitioner's notice to invoke the discretionary review jurisdiction of the Florida Supreme Court was not a "properly filed" application for state post-conviction relief. *See* Artuz v. Bennett, 531 U.S. 4, 9, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). In light of the Florida Supreme Court's holding in Jenkins v. State, 385 So. 2d 1356 (Fla. 1980), that it lacks jurisdiction to review per curiam decisions such as that rendered in Petitioner's Rule 3.850 appeal, Petitioner's attempt to invoke the discretionary jurisdiction of the Florida Supreme Court could have no tolling effect on the federal limitations period because such relief is not available under Florida law. This aspect of Florida law has been recognized by the United States Supreme Court, *see* Hobbie v. Unemployment Appeals Comm'n of Florida, 480 U.S. 136, 139 n.4, 107 S. Ct. 1046, 94 L. Ed. 2d 190 (1987), and the Eleventh Circuit Court of Appeals, *see* Byrd v. Wainwright, 722 F.2d 716, 718 n. 2 (11th Cir. 1984). *See, e.g.,* Wilson v. Crosby, No. 3:03cv566/MCR/MD, 2006 WL 3219602, at *6 (N.D. Fla. Nov. 3, 2006) (unpublished) (holding that prisoner's notice to invoke discretionary jurisdiction of Florida Supreme Court to review per curiam decision issued in direct appeal did not toll the limitations period under § 2244(d)(2)); Wright v. McNeil, No. 5:08cv180/RS/MD, 2009 WL 179626, at *2 n.5 (N.D. Fla. Apr. 20, 2009) (unpublished) (same concerning notice to invoke discretionary jurisdiction of Florida Supreme Court to review denial of postconviction relief); Grove. v. .Sec'y, No. 8:08cv1673-T-17MAP, 2009 WL 179626, at *4 (M.D. Fla. Jan. 26, 2009) (unpublished) (same).

Petitioner suggests that the Florida legislature's amendment of the statute is the equivalent of the Supreme Court's new recognition of a constitutional right under § 2244(d)(1)(C), her argument is unconvincing. Section 2244(d)(1)(C) expressly provides it applies where a <u>constitutional</u> right is initially recognized by the <u>Supreme Court</u> not, as here, where a <u>statutory</u> right is initially recognized by a <u>state legislature</u>.

Additionally, to the extent Petitioner suggests that the factual predicate of her claims could not have been discovered prior to the date her conviction became final, and, therefore, paragraph (D) of § 2244(d)(1) is the appropriate statutory trigger for the limitations period, her petition is still untimely. The factual predicates for Grounds One, Two, and Three of Petitioner's federal petition were asserted in support of her claims for relief in her amended Rule 3.850 motion, which was filed on August 9, 2000 (*see* Doc. 22, Ex. J at 104–23); therefore, she was aware of the factual predicate for those claims not later than August 9, 2000. The factual predicates for Grounds Four, Five, Six, and Seven were asserted in support of her claims for relief in her first Rule 3.853 motion and her first Rule 3.800(a) motion, filed on February 5, 2002 and September 20, 2004, respectively (*see* Doc. 22, Ex. Q at 1–13; Ex. HH at 1–12). Assuming that the federal limitations period began on the latest of those dates, that is, September 20, 2004, it was tolled during the pendency of both Rule 3.800(a) proceedings, or until April 21, 2006, upon issuance of the mandate in the second Rule 3.800(a) proceeding. Petitioner did not file her federal petition within one year from that date, that is, by April 21, 2007.[3] Therefore, her federal petition, filed November 2, 2008, is untimely even if her pleadings were liberally construed as asserting that the appropriate statutory trigger is § 2244(d)(1)(D) instead of 2244(d)(1)(A).

Petitioner does not allege that any other tolling principles apply. Furthermore, she has not shown that she is entitled to federal review of her claims through the "fundamental miscarriage of justice" gateway to the procedural bar. To satisfy the miscarriage of justice exception to a procedural bar, "the habeas petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995) (internal quotation and citation omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted [her] in light of the new evidence." *Id.* To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

[3]As previously discussed, neither Petitioner's motion to invoke discretionary review of the First DCA's denial of her second Rule 3.800(a) motion, nor her Rule 3.853 motion tolled the federal limitations period.

evidence—that was not presented at trial." *Id.*, 513 U.S. at 324.  In the instant case, Petitioner does not allege the existence of new reliable evidence showing that she is actually innocent of murdering her son, who was the victim in this case.  Therefore, she is not entitled to review of her claims pursuant to the "fundamental miscarriage of justice" exception.  Accordingly, her habeas petition should be dismissed as time barred.

III.    CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period.  Furthermore, she has failed to demonstrate that any tolling provisions render her petition timely, or that she is entitled to review under any exception to the time bar.  Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 22) be **GRANTED**.

2.      That the amended petition for writ of habeas corpus (Doc. 5) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 22<u>nd</u> day of September 2009.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**